# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL WAYNE BAYLESS,<br><br>    Defendant. | Case No. CR-22-174-RAW |

## **ORDER**

The Defendant is charged in this case with four counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A) and (B), 1151, and 1152. Specifically, the Defendant is charged with the aggravated sexual abuse of his stepdaughter, N.A., beginning in or about January 2020, and continuing until in or about December 2020, when she was nine years old.

Now before the court is the Defendant's motion to exclude expert testimony of Vicki D. Boan, MHR, pursuant to Fed. R. Evid. 702 [Docket No. 73] and the Government's response thereto [Docket No. 78].  The Defendant does not challenge the credentials or qualifications of Ms. Boan as a child abuse expert but argues that her conclusions are not definitive enough to assist the jury in this case.

Ms. Boan has not interviewed or reviewed any treatment of the alleged victim in this case.  The Defendant argues that she will offer only generalities and that there is no basis for her opinions because she has not spoken with the alleged victim in this case.  The Defendant further

argues that the notice is deficient under Fed. R. Crim. P. 16(a)(1)(G)(iii) because of its breadth of scope in addition to its vagueness.

The Government's 8-page notice of intent to offer expert testimony includes Ms. Boan's 9-page CV. The notice itself details the testimony anticipated. Ms. Boan is anticipated to testify generally as to child sexual abuse disclosure, factors that contribute to delayed disclosure, differences between the memories and reactions of children versus adults, and false memories or suggestions.

The Government correctly points out that the Tenth Circuit has held that qualified experts may testify in child sexual abuse cases concerning the characteristics of sexually abused children generally and describe the characteristics that the alleged victim exhibits. *See United States v. Charley*, 189 F.3d 1251, 1264-65 (10th Cir. 1999) (citations omitted). Additionally, given the delayed disclosure in this case, the allegation that the Defendant told N.A. not to tell anyone about the alleged abuse, and the relationship and proximity between the Defendant and N.A., the court finds that such testimony will assist the jury in understanding the evidence and determining facts in issue. It is also clear from M.S. Boan's CV that her specialized knowledge is beyond the ken of the average juror. *See United States v. Heller,* No. 19-cr-00224-PAB, 2019 WL 5101472, at *2 (D. Colo. Oct. 11, 2019); *United States v. Perrault*, No. 17-02558-MV-1, 2019 WL 1024284, at *4 (D.N.M. Mar. 4, 2019).

The court finds that the notice is sufficient under Fed. R. Crim. P. 16(a)(1)(G) and the testimony is admissible under Fed. R. Evid. 702. Further, the probative value is not substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury. Accordingly, the Defendant's motion to exclude expert testimony of Vicki D. Boan, MHR, pursuant to Fed. R. Evid. 702 [Docket No. 73] is hereby DENIED.

**IT IS SO ORDERED** this 22nd day of June, 2023.

---
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

3